# Campbell et al., *versus* City of Philadelphia.

1. The Court of Quarter Sessions has exclusive jurisdiction of the assessment of damages for the establishment of the grade of streets on a confirmed plan, and for a change of regulation thereof.

2. Such damages are a personal claim to be assessed in favor of the owner of property abutting on the street at the time of the injury. The claim for them is ripe when the grade is confirmed, and a subsequent sale of the land before the grading is actually done does not pass the claim for damages to the purchaser.

January 12th, 1885. Before MERCUR, C. J., GORDON, PAXSON, TRUNKEY, STERRETT, and GREEN JJ. CLARK J. absent.

ERROR to the Court of Common Pleas No. 1, of *Philadelphia County :* Of January Term, 1884, No. 255.

This was an action on the case, by Annie M. Campbell and five others, heirs at law of John Campbell deceased, against the City of Philadelphia to recover damages accruing to certain property, at one time owned by plaintiffs, occasioned by grading the street in front of the same in accordance with a revised plan.

The property in question was situate on Levering street, in Roxborough, Philadelphia, and before said street was opened it was plotted upon a public plan, known as No. 72, which was duly confirmed in December 1859, and filed in the Department of Surveys. Subsequently, in May 1861, Francis H. Latch, who then owned the premises conveyed the same to John Campbell. By ordinance of July 26th, 1872, Councils authorized revision of plan No. 72. John Campbell died in 1873. On April 19th, 1875, the revised plan No. 72 was duly confirmed and by it the grade regulations of Levering street in front of said premises, were changed, by raising the same so that the cutting necessary to bring the street to grade, was several feet less than would have been required under the old plan.

Before the street was actually graded, the heirs of John

Campbell were divested of their title to the premises by a sheriff's sale under a mortgage, and the same was vested in J. Ridgway June 10th, 1876. After this change of title, by ordinance of July 18th, 1876, councils directed the street to be graded according to the revised plan, which was done. Ridgway then sold the premises to one James M. Preston the present owner. On November 1st, 1877 the property owners along Levering street filed a petition in the Court of Quarter Sessions praying for a jury to assess damages sustained by reason of the change of grade of this street. A jury was appointed who awarded damages, but upon exceptions filed by the city to the jurisdiction of the court, this petition was dismissed.

In December 1881, plaintiffs, who were the heirs at law of the said John Campbell brought this action on the case in the Court of Common Pleas. Defendant first pleaded want of jurisdiction of the court, on the ground that under the Act of February 2d, 1854 (P. L. 37) the Quarter Sessions had exclusive jurisdiction in the premises; and subsequently they added the plea of the Statute of Limitations. A demurrer by plaintiffs to the latter plea was overruled by the court; and judgment entered for defendant; whereupon the plaintiffs took this writ assigning for error the entry of said judgment.

*Joseph L. Tull,* for plaintiffs in error.—Plaintiffs' action is not based upon damages arising from an alteration of a prior grade regulation which is provided for by the Act of 1854, because no damage of that kind was sustained. The action is for the consequential damage arising from the altering of the natural grade of the street. To sustain their claim plaintiffs rely on sec. 8, art. 16, of the Const. of 1874 which provides that, " Municipal and other corporations and individuals, invested with the privilege of taking private property for public use, shall make just compensation for property taken, injured, and destroyed by the construction or enlargement of their works, highways, or improvements, which compensation shall be paid or secured before such taking, injury, or destruction." This clause is to be read in connection with article 1, section 10 of the Constitution: " Nor shall private property be taken or applied to public use without authority of law and without just compensation being first made and secured." This means that an adequate remedy shall have been provided by which the owner of land taken and destroyed can obtain compensation: McClintock *v.* R. R. Co., 16 P. F. S. 404, and the law now is that municipal as well as other corporations, must now pay or secure compensation before exercising rights of eminent domain, otherwise they are wrong-doers and therefore

responsible in damages.    The special plea of defendant admits the injury, but denies the remedy.

Plaintiffs first sought their remedy by petition to Quarter Sessions, but their petition was dismissed on the ground that the legislature had not provided a remedy to secure compensation for such damage as they showed.    (Leg. Int., 1880, page 38.)    Sustained *In re* Germantown Avenue, 3 Out., 479. The present form of action, therefore, is the only available one for plaintiffs.    The city, having neither provided nor secured compensation for the damage done, was a trespasser:    Dimmick *v.* Brodhead, 25 P. F. S., 464.    There has been no special Act passed providing a remedy for the enforcement of the rights created under the constitution of 1874 for injuries to land taken, injured or destroyed by corporations as set forth in sec. 8, art. XVI, applicable to Philadelphia.

The court below applied the statute of limitations to this cause, because it was in form an action on the case.    But the action is in this form only because it is technically the only form of action left by which plaintiffs can recover for these injuries.    The statute, however, has no application to the real cause of action.    Sec. 21, art. III. of the constitution provides that: "no act shall prescribe any limitations of time within which suits may be brought for injuries to persons or property, or for other causes, different from those fixed by general laws regulating actions against natural persons, and such acts now existing are void:"    *In re* Grape street, 7 Out., 121.    The taking of plaintiffs' property was a continuing injury:    R. R. Co. *v.* Burson, 11 P. F. S., 369; and see Hannum *v.* Borough of Westchester, 13 Id., 475.

*William H. Addicks* and *Chas. F. Warwick*, for defendant in error.—The municipal authorities, by the powers conferred by statute, confirmed the public plan, No. 72, December 8, 1859, and fixed a grade regulation for Levering street in front of property in question, then owned by Francis H. Latch.    Had the street been graded according to this plan there would have been a cutting down of ten feet.    With this state of affairs in contemplation, John Campbell, in 1861, purchased the property. While the property was still in the hands of the legal representatives of John Campbell, since deceased, the municipal authorities by duly confirming the revision of plan No. 72, on the 19th day of April, 1875, changed the regulation of Levering street by raising it so that only three feet of cutting would be required in grading the street in front of the property of the plaintiffs in error.    Here was a cause of action under the 27th section of the Consolidation Act, February 2d, 1854, P. L., 37.    The jurisdiction to take cognizance of the right and

administer the remedy, was the Court of Quarter Sessions: *In re* Fifth and Sixth street, 4 W. N. C., 443; *In re* Ridge avenue, 3 Out., 469; City *v.* Wright, 4 Id., 235. But the plaintiffs in error did not avail themselves of this remedy, because the change of regulation was a great benefit to the property, reducing the cut required from ten feet to three feet.

It is claimed by the plaintiffs that in addition to the remedy provided by the Act for the change of regulation, the city is to answer for the subsequent grading according to the regulation. If the right to damages under the statutes vests at the time of, and relates to the confirmation of the lines on the plan changing the regulation, as held in Fifth and Sixth street, 4 W. N. C., 443, and City *v.* Wright, 4 Out., 235, surely the one assessment is a full answer to the constitutional mandate. The municipality cannot be called upon to pay one, or different owners, first, for the change of regulation on the plan, and afterwards an additional sum for the grading of the street according to the changed regulation, for which payment has been made by the city, or waived by the owner.

In this cause the form of action is case, the change of regulation was made more than six years prior to the exit of the summons. This fact is admitted by the demurrer. The same Judge who delivered the opinion *In re* Grape street, Leg. Int., 1883, page 14, approved and sustained by this court (7 Out., 121,) was of opinion that the Act of March 27th, 1713, limiting actions on the case to six years, applied to the case at bar, and so entered judgment for the defendants, overruling the demurrer to the plea.

The judgment of the court was entered January 26th, 1885.

PER CURIAM. The Court of Quarter Sessions has exclusive jurisdiction in the assessment of damages for the establishment of a grade of streets on a confirmed plan, and for a change of regulation thereof. The damages are a personal claim to be assessed in favor of the owner at the time of the injury, and do not run with the land: Tenbrooke *v.* Jahke, 27 P. F. S., 392. The claim for damages was ripe when the grade was confirmed. A subsequent sale of the land did not pass the claim for damages to the purchaser. If the grade had afterwards been so changed as to increase the damages, it would present a case not now before us. In the present case the change lessened the damages.

Judgment affirmed.