## Eisenhart, Appellant, *v.* Philadelphia.

| 154 | 393 |
| f 25 SC ¹365 |

*Streets—Change of grades—Statute of limitations.*

A plea of " not guilty within six years " is an effectual bar to proceedings to assess damages for the change of grade of a street, where the proceedings are not commenced until more than eight years after the work of excavation was done.   Such a plea may be filed at any stage of the proceedings prior to or pending the trial.

Where a street has been dedicated to the public, subsequent proceedings to open the street afford no basis for damages for a change of grade of the street where proceedings to recover such damages are instituted more than six years after the work of excavation was done.

Argued March 27, 1893.   Appeal, No. 267, Jan. T., 1893, by plaintiffs, Rosanna Eisenhart et al., from judgment of C. P. No. 1, Phila. Co., March T., 1891, No. 978, on verdict for defendant.   Before STERRETT, C. J., GREEN, WILLIAMS, McCOLLUM, MITCHELL and DEAN, JJ.

Appeal from assessment of damages for change of grade.
The facts appear by the opinion of the Supreme Court.
The court, BREGY, J., directed a verdict for defendant. [3]
Verdict and judgment for defendant.   Plaintiff appealed.

*Errors assigned* were, (1) in admitting the plea of " not guilty within six years " at the trial; and (3) above instruction, quoting it.

*Theo. Cuyler Patterson, Edward Hopkinson* with him, for appellant, cited: Schuler v. Phila., 22 W. N. 161; Hobson v. Phila., 150 Pa. 595.

*E. Spencer Miller*, assistant city solicitor, *Charles F. Warwick*,

city solicitor, with him, for appellee, cited: City v. Thomas's Est., 152 Pa. 494; Landis v. Norristown, 21 W. N. 212; Plan No. 166, 143 Pa. 414.

PER CURIAM, April 17, 1893:

This appears to be a case of great hardship, but, in view of the facts, we are powerless to afford the plaintiffs any relief therefrom.   The injury of which they complain resulted from the excavation of Magnolia avenue, between Centre street and Chelton avenue.   In 1853, Wilson street, now Magnolia avenue, at the point in controversy, was dedicated to public use by the then owners of the land.   In 1859, a plan, etc., of the street, conforming nearly to the natural surface, was confirmed by the court of quarter sessions, as of the year 1850.   In 1862, a revised plan, calling for a lower grade and necessitating deeper cutting, was confirmed by said court.   Again, in September, 1879, a further revised plan, superseding the previous ones and providing for an undergrade crossing through embankment of the Philadelphia and Reading Railroad, was confirmed by the court.   Thereupon, the city, for the first time, undertook to adjust the grade of the street according to the last mentioned plan, and the work of cutting down in front of plaintiff's property was commenced, but was never completed.   The railroad embankment which crossed and completely obstructed the street, was left intact.   The excavation called for by the established grade was not fully completed at any point, but the work was so far prosecuted as to leave plaintiffs' property from one to nine feet above the bottom of the cut, whereby its market value is alleged to have been greatly diminished.

In 1885, plaintiffs' ancestor, who in 1855 owned and improved the property in question in accordance with the natural surface grade thereof, joined in a petition for the opening of the avenue, and the matter was so proceeded in that the jury reported in favor of the opening.   Their report was confirmed in December, 1886.   The record having been removed to this court, the proceedings were affirmed here October 3, 1887: In re Magnolia Avenue, 117 Pa. 56.

On October 2, 1888, the present proceeding was inaugurated by filing a petition, reciting the decree to open the street and praying for appointment of a jury to assess the damages to

plaintiffs' property, caused by the cutting down above mentioned under the plan of 1879 aforesaid. The jury appointed under said petition reported in April, 1891, awarding damages to plaintiffs, who thereupon appealed to the Court of Common Pleas No. 1. No exceptions were filed to said award. On trial of the appeal, the city solicitor interposed the plea, " not guilty within six years." The court held that the statute of limitations was a bar to the plaintiffs' right to recover, and thereupon directed a verdict in favor of the defendant.

The affirmance of the order of the quarter sessions by this court on October 3, 1887, ended the proceeding commenced in 1885. In view of the fact that the land, within the lines of the street, had been long previously dedicated to public use, that proceeding was unnecessary. The city, by virtue of the previous dedication, had a right to enter upon the land and use it for street purposes without resorting to formal proceedings to open : City v. Thomas's Estate, 152 Pa. 494. But, whether said proceeding be regarded as necessary or not, it afforded no basis whatever for the claim in this case, grounded solely on the excavation made by the city in 1879. It is not alleged that anything has been done upon the ground since that time whereby the plaintiffs have been damaged. The present proceeding to assess damages for the change of grade, made upon the ground in 1879, was commenced more than eight years after the work of excavation was done. There is no escape from the conclusion that the claim was barred by lapse of time before the petition was filed, and the city had a right to interpose that defence at any stage of the case, prior to or pending the trial.

Further consideration of the several specifications of error is unnecessary. Neither of them is sustained.

Judgment affirmed.