## Butler Street.

*Road law—Vacation of streets—Statute of limitations—Philadelphia county —Act of April 21, 1858, P. L. 385.*

Under the Act of April 21, 1858, P. L. 385, viewers may be appointed to assess damages for the vacation of a street in the city of Philadelphia, but if the petition for viewers is not presented until more than six years after the confirmation of the plan vacating the street, the proceeding is barred by the statute of limitations of March 27, 1713, 1 Sm. L. 76.

Under the Act of June 6, 1871, P. L. 1353, the legal vacation of a street is complete, when, in pursuance of an ordinance of councils properly authorizing the same, a new plan from which the street is omitted is duly confirmed.

Argued Oct. 22, 1903.   Appeal, No. 164, Oct. T., 1903, by Emily L. Hopkins, from order of Q. S. Phila. Co., Dec T., 1902, Minute Book No. 5, page 456, quashing petition in the matter of the vacation of Butler Street from Lawrence Street to American Street.   Before RICE, P. J., BEAVER, ORLADY, SMITH, PORTER, MORRISON and HENDERSON, JJ.   Affirmed.

Petition for the appointment of viewers to assess damages for the vacation of a street.

From the record it appeared that Emily L. Hopkins filed a petition for viewers, averring that she owned certain properties in Philadelphia on Butler street, west of Lawrence, and that by an ordinance of councils, approved February 4, 1892, the department of public works of said city was authorized to enter. into a contract with certain railroad companies for the abolishment of certain grade crossings and for the construction of bridges to carry such streets as might be required by the director of the department of public works over or under the said railroads ; that by an ordinance passed March 15, 1892,

the department of public works was authorized to revise the lines and grades of plan No. 226; that in pursuance of the general scheme of improvement, this plan duly revised by the department, with Butler street from Lawrence to American blotted out, omitted or vacated, was duly confirmed by the board of surveyors, January 15, 1894; and that in accordance with said plan and with the general scheme of improvement, the aforesaid railroad companies, about March 5, 1895, built a fence across Butler street, just beyond Lawrence, and lowered their tracks by making a deep excavation, thereby rendering Butler street entirely impassable; that at this time Lawrence street had not been dedicated or otherwise legally opened, and was neither paved nor graded, and in such condition as to be physically impassable to vehicles, so that by the vacation of Butler street, as above described, petitioner's properties were deprived of access on the eastern side and left practically in a cul de sac; that at the date of the confirmation of the plan by the board of surveyors, January 15, 1894, the title to the properties was in Emily L. Neilson, the petitioner. On December 12, 1902, the city filed a motion to quash the petition.

Because petition filed December 11, 1902, was not filed within six years from the time the cause of action occurred, to wit: January 15, 1894.

The court quashed the petition.

*Error assigned* was the order of the court.

*Howard W. Page*, with him *William D. Neilson*, for appellant.—We contend that the statute of limitations of March 27, 1713, 1 Sm. L. 76, does not apply to the case at bar: Paul v. Carver, 24 Pa. 207; McGee's App., 114 Pa. 470.

When a statute gives a new and special remedy and precludes all others, the act of limitations does not apply: Hannum v. West Chester Borough, 63 Pa. 475; Keller v. R. R. Co., 161 Pa. 504; R. R. Co. v. Burson, 61 Pa. 369; Zahn v. Ry. Co., 184 Pa. 66; McClinton v. Ry. Co., 66 Pa. 404; Seipel v. B. & C. V. R. Extension Co., 129 Pa. 425; Grape Street, 103 Pa. 121; Eisenhart v. Phila., 154 Pa. 393; Landes v. Norristown Boro., 21 W. N. C. 212.

Article XVI, section 8, of the constitution of 1874, which

provided that municipal and other corporations should make due compensation for property taken, injured or destroyed in the construction or enlargement of their works, was held to give a property owner redress for injury inflicted by the physical change of grade of a street upon which his property abutted, thus correcting the defects in the constitutional provisions on the subject, which were pointed by the Supreme Court in O'Connor v. Pittsburg, 18 Pa. 187. This provision was held self executing, in so far as it allowed an action to be brought to recover compensation; it, however, provided no special remedy; a property owner was therefore remitted to an action on the case, and it was held that such action could be maintained by him to enforce his constitutional right: Penna. R. R. Co. v. Duncan, 111 Pa. 352; Chester Co. v. Brower, 117 Pa. 647; Ogden v. Phila., 143 Pa. 430; Groff v. Phila., 150 Pa. 594; Hobson v. Phila., 150 Pa. 595; Righter v. Phila., 161 Pa. 73, 77.

In the case at bar the petitioner had no constitutional right to compensation, and such right as she had was derived solely from the peculiar, special and local statute of 1858: Paul v. Carver, 24 Pa. 207; McGee's App., 114 Pa. 470; Wetherill v. Railroad Co., 195 Pa. 156–160; Morris v. Phila., 199 Pa. 357–360; Bornot v. Bonschur, 202 Pa. 463.

The statute of limitations does not apply to proceedings to assess damages caused by the taking or injury to property by a railroad company in the exercise of the right of eminent domain: Zahn v. Ry. Co., 184 Pa. 66.

There would seem to be no sound distinction in principle between the taking of private property by a railroad in the exercise of the commonwealth's right of eminent domain and the taking of private property by a municipal corporation in the exercise of the same right. If the statute has been held inapplicable to proceedings by the property owner in one case, it should also be held inapplicable to proceedings by the property owner in the other.

*John H. Maurer*, assistant city solicitor, with him *John L. Kinsey*, city solicitor, for appellee.—The vacation was complete on January 15, 1894, when the plan was confirming omitting Butler street: Butler Street, 19 Pa. Superior Ct. 48.

Proceedings under the act of 1858 are assimilated to opening proceedings under act of 1836 and its supplements : Howard Street, 142 Pa. 601, 607 ; Hare v. Rice, 142 Pa. 608 ; Upsal Street, 22 Pa. Superior Ct. 150.

Prior to the constitution of 1874 the one's year's limitation of the act of 1836 applies to opening proceedings and ran from the physical opening ; in proceedings under the act of 1854 the statute ran from the confirmation of the plan : Ridge Avenue, 99 Pa. 469 ; Phila. v. Wright, 100 Pa. 235.

A study of the cases will show that the courts have invariably assumed that the six years' limitation of the act of 1713 applied. The act of 1713 has been held to apply to proceedings to open streets : Grugan v. Phila., 158 Pa. 337 ; Volkmar Street, 124 Pa. 320.

To widening proceedings : Brower v. Phila., 142 Pa. 350 ; Borough of Easton v. Walters, 18 W. N. C. 117.

To cases arising under sec. 27 of the act of 1854 : Grape Street, 103 Pa. 121 ; Campbell v. Phila., 108 Pa. 300.

To physical changes of grade : Eisenhart v. Phila., 154 Pa. 393 ; Landes v. Borough of Norristown, 21 W. N. C. 212.

The cause of action in the present case having accrued on January 15, 1894, the statute of limitations ran from that time : Barton v. Dickens, 48 Pa. 518, 523 ; Guarantee, Trust, etc., Co. v. Nat. Bank, 202 Pa. 94, 98.

OPINION BY PORTER, J., July 28, 1904 :

The appellant, on December 11, 1902, presented her petition to the court of quarter sessions of Philadelphia county, setting forth her ownership of a lot of ground fronting on Butler street westward of Lawrence street ; and that said street had been for many years in public use as one of the highways of the city ; that by an ordinance approved March 15, 1892, the city authorized the revision of the lines and grades of " Plan No. 226," which included Butler street ; that said plan was duly revised by the proper department of the city, which revision provided for the vacation of said Butler street from Lawrence street eastward ; and that said plan so revised, with the said portion of Butler street blotted out, omitted, and vacated, was duly confirmed by the board of surveyors of the said city on January 15, 1894. The petition prayed for the appointment of

viewers to estimate and determine the damages sustained by the petitioner and others from the vacation of said street, " and by whom any benefits may be payable." The fact that the petition had not been presented until more than eight years had elapsed after the confirmation of the plan vacating the street appeared upon the face of the petition. The city moved the court to dismiss the petition, upon the ground that it had not been filed within six years from the time the cause of action accrued, and the right was barred by the statute of limitations. The learned judge of the court below dismissed the petition upon that ground.

The petition having been presented to the court of quarter sessions, the authority for it must be found in the Act of April 21, 1858, P. L. 385. That statute while not complete in itself, in that it made no provision for the appointment of viewers, was founded upon and assimilated into a well known and long established system; it was in this respect similar to the Act of February 2, 1854, P. L. 21, which, in its 27th section, provided that damages should be paid for an injury resulting from an alteration made in the grade regulations of the streets of the city, as in case of damages for opening streets. The manner of assessing damages under both these statutes was subject to the provisions of the Act of June 13, 1836, P. L. 551. The right to recover was subject to the provisions of the 7th section of that act, which limited the time within which the petition for viewers must be presented to one year after the injury alleged to have been suffered: In re Ridge Avenue, 99 Pa. 469; Philadelphia v. Wright, 100 Pa. 235. The act of 1858 is constitutional and is still in force in the city of Philadelphia: In re Centre Street, 115 Pa. 247; In re Howard Street, 142 Pa. 601; In re Melon Street, 182 Pa. 397.

In the lawful vacation of a street and the appropriation of the ground by owners of abutting property, in the absence of legislative provision for damages in such cases, the injury suffered by an abutting owner is not within the protection of the constitution of the commonwealth: McGee's Appeal, 114 Pa. 470.

The right with which we are dealing is precisely similar in nature to that conferred by the Act of February 2, 1854, section 27, P. L. 21, upon an owner whose property was injured

by change of grade regulation; the remedy for the enforcement of these rights is found in the same statute, in the act of 1836, and both are subject to the same limitation. Neither of these rights had any foundation in the common law, and they were enforceable only through the same special remedy. The act of 1854 was limited to changes in the grade regulations, that is the paper grades of streets, the original grades of which had been established prior to the enactment of that statute; and the court of quarter sessions has exclusive jurisdiction of all questions arising under that act. The constitution of 1874 made no change in the nature of the claims arising under these statutes, nor did it have any effect upon the remedy apart from the limitation of the time within which it must be resorted to. The constitution of 1874, article XVI, sec. 8, gave a right to the owners to have compensation for property injured, as well as for property taken by municipal and other corporations in the construction or enlargement of their works. The right of action which this section gives is clearly for the actual establishment of the grade on the land, for which until another remedy was provided by statute, a recovery could only be had in an action on the case in the common pleas, unless the jurisdiction of the court of quarter sessions had once attached, as in the case where the opening of a street and the grading thereof were substantially one act, when it was competent for the court to proceed to determine the whole question, as in the case of Pusey v. Allegheny, 98 Pa. 522. The jurisdiction of the quarter sessions was exclusive in all questions of damages arising from a change of grade regulation when the original grade had been established prior to February 2, 1854; for changes in grade regulation, or mere paper change, upon streets, the original grades of which were established after that date there was, at the time of the decisions to which we shall presently refer, no remedy; and the remedy for an actual change upon the land, under section 8, article XVI, of the constitution, was by an action on the case in the court of common pleas: In re Ridge Avenue, 99 Pa. 469; ·Change of Grade in Plan 166, 143 Pa. 414; Ogden v. Phila., 143 Pa. 430. When therefore an owner of land seeks to recover damages for an alleged injury resulting from the change of a grade regulation, he must show statutory authority for his right to recover

damages for such a paper grade. The constitution left that right just where it left the right to recover damages resulting from the vacation of a street, entirely dependent upon the statute. The effect of the constitution upon the limitation of the right of action to enforce these claims was exactly the same in one case that it was in the other.

This is not a taking of property in the exercise of the right of eminent domain, and the decisions in which that question was involved have no application. The right to the possession of lands is not here involved, there has been no continuing trespass, and the city has not used, nor does it propose to enter upon any lands of the appellant: Hannum v. Borough of West Chester, 63 Pa. 475 ; McClinton v. Ry. Co., 66 Pa. 404. The only provision of the constitution which has any application to this question is found in the 21st section of article III : " No act shall prescribe any limitations of time within which suits may be brought against corporations for injuries to persons or property, or for other causes, different from those fixed by general laws regulating actions against natural persons, and such acts now existing are avoided." The effect of this constitutional provision upon the limitation of one year, prescribed by the general road law of June 13, 1836, was considered by the Supreme Court in a case arising under the provisions of the act of February 2, 1854, a change of grade regulation : In re Grape Street, 103 Pa. 121. The report of that case does not clearly indicate whether the original grade of that street had been established prior to 1854 ; it was, however, a proceeding originating in the court of quarter sessions ; and the opinion by Mr. Justice GORDON clearly indicates that the case was considered as one of damages for the regulation of a grade. The opinion of Mr. Justice MITCHELL, in " Plan 166," 143 Pa. 414, explains this case, the record in which he had taken the trouble to examine personally, and thus states his conclusion : " It is clear that the case was regarded as a change of a borough grade established before 1854, and therefore within the express provisions of the 27th section, no matter what construction of that section we adopt." The case was, therefore, in every feature analagous to that with which we are now dealing. In order to make the constitutional provision applicable to the case it was necessary to establish that the one year limitation, of the

act of 1836, was different from those fixed by general laws regulating actions against natural persons; unless some such general law fixing a different limitation existed, the one year limitation must stand. The very argument which is now presented on behalf of the appellant was in that case made by the representatives of the city. The claim was the assertion of a personal right to pecuniary compensation for injuries to property, which would not have been recoverable at common law, but for which a statute provided a special remedy. The only limitation fixed by general laws regulating actions against natural persons for claims of this character is found in the act of March 27, 1713, 1 Smith's Laws, 76. The learned counsel representing the city there argued that the effect of the constitutional provision should be limited to such suits or actions as are enumerated in the limitations act of 1713, and that the word suit, as used in the section of the constitution, did not apply to a proceeding commenced in the court of quarter sessions by a petition. The court held that the constitutional provision applied to every possible species of claim or injury, and that it was not to be limited in its operation to any form of remedy in a court of justice, and that the plaintiff having presented her petition within six years from the time of the confirmation of the grade there could be a recovery. The limitation prescribed by the act of 1836 was declared to be avoided, for the reason that it was different from the limitation fixed by the act of March 27, 1713, regulating actions against natural persons, for personal liabilities of like nature. The legislation prohibited by this section of the constitution is such as prescribes a limit of time within which suits may be brought against corporations, "different" from that fixed by general laws regulating actions against natural persons. An act which prescribed a limitation as to corporations greater than that fixed by general laws against natural persons, would as clearly violate the spirit of the constitution as one which was more favorable to corporations than to natural persons. The purpose of the constitutional provision was to put the citizen and the corporation on the same plane of right when they came into a court of justice. The then existing statutes of limitation which fixed a longer period of limitation as against corporations than was by general laws fixed against natural persons were as ef-

fectually avoided by the constitution as those which were more favorable to the corporations. When, however, those acts prescribed limitations of time within which suits might be brought against corporations different from those fixed by general laws regulating actions against natural persons, the effect was not to absolutely abolish all limitations of time as to actions which had before come · within the operation of the statutes thus avoided by the constitution. This section of the constitution executed its own purpose ; if a personal claim for compensation for injuries against a corporation came within the spirit of this section of the fundamental law, and was the subject of a special statutory limitation, the special limitation was stricken down and for it was substituted the general limitation with which it came in conflict. The argument of counsel for appellant that the nature of this claim and the peculiarity of the remedy therefor makes the act of 1713 wholly inapplicable to it, would if carried to its logical conclusion leave the one year limitation of the act of 1836, still in force, for if there is no conflict between those acts both may stand. To hold that the limitation prescribed by the act of 1836 must be stricken down, because it is different from that fixed by the act of 1713 regulating actions against natural persons, and then decide that the claims arising under the act of 1836 were not subject to the limitation fixed by the act of 1713, would be to leave those claims absolutely free from limitation, and thus create the very inequality which it was the purpose of the constitution to avoid. The question seems to be definitely decided in Eisenhart v. Philadelphia, 154 Pa. 393; for although the report of that case is not as full as it is desirable that it should be, the opinion leaves no doubt as to how the question arose. The proceeding was commenced on October 2, 1888, by a petition to the court of quarter sessions for the appointment of a jury to assess damages; viewers were appointed and reported, and the plaintiffs appealed to the court of common pleas. On the trial of the appeal the city solicitor interposed the plea of " not guilty within six years." The court held that the statute of limitations was a bar to the plaintiff's right to recover and this judgment was affirmed by the Supreme Court. The court of quarter sessions did not have jurisdiction to appoint viewers to assess damages for an actual cutting of the

street, and this must therefore have been considered by the court as a proceeding to collect damages for a change of grade regulation. The decision is squarely based upon the applicability of the statute of limitations. The case of Campbell v. Philadelphia, 108 Pa. 300, was an action on the case in the common pleas. It appeared, however, that there had been a change of grade regulation which was confirmed on April 19, 1875, that the title of the plaintiffs to the land was divested by a sheriff's sale on June 10, 1876, and that by an ordinance of July 18, 1876, councils directed the street to be graded according to the revised plan, which was done. The claim for damages of this character is personal and accrues to the owner at the time of the injury; the only injury that Campbell had suffered was from the change of the grade regulation. The city entered a plea to the jurisdiction and a plea of the statute of limitations, and the defendant demurred to the latter plea, on which the common pleas entered judgment for defendant, which judgment was affirmed by the Supreme Court. This case is commented upon in the case of Plan No. 166, 143 Pa. 414, and it is there said that the language of the opinion in Campbell v. Philadelphia must be confined to the point actually under consideration, and that was a demurrer to the plea of the statute of limitations. The questions of the jurisdiction of the court and the form of the action do not seem to have been considered as vital to the determination of the case as presented.

We hold that a reasonable construction of the constitutional provision must extend to a defendant, whose liability comes within the operation of the section in question, the benefit of the general limitation law with which the statute granting the special limitation comes in conflict: Grugan v. Philadelphia, 158 Pa. 337 ; Zahn v. Railway Co., 184 Pa. 66.

Under the Act of June 6, 1871, P. L. 1353, the legal vacation of a street is complete, when, in pursuance of an ordinance of councils properly authorizing the same, a new plan from which the street is omitted is duly confirmed : Wetherill v. Pa. R. R. Co., 195 Pa. 156 ; Carpenter v. Pa. R. R. Co., 195 Pa. 160 ; Butler Street, 19 Pa. Superior Ct. 48. The petition which the appellant presented to the court below set forth that the part of Butler street in question was duly authorized to be vacated by an ordinance of the city councils, that the plan was

duly revised by the proper department of the city and that a new plan vacating the street was duly confirmed on January 15, 1894. The petition for the appointment of viewers was presented to the court of quarter sessions on December 11, 1902, more than eight years after the right of action accrued. The statute of limitations was an effectual bar to this claim. The order of the court of quarter sessions is affirmed.