## Nyhart, Appellant, v. Taylor Borough.

*Road law—Change of grade—Damages.*

A property owner cannot recover damages for. the change of grade of a street where it appears that the only change of grade was at an intersection of another street whose grade had been changed ten years before, that viewers had been appointed at the time to assess damages for such change of grade, and that the owner had made no claim before the viewers.

· A borough is not liable for damages to property resulting from a private individual dumping dirt in a street, where it appears that the borough neither authorized such act before it was done, nor ratified it afterwards.

Argued Jan. 12, 1906. Appeal, No. 50, Jan. T., 1906, by plaintiff, from order of C. P. Lackawanna Co., March T., 1904, No. 283, refusing to take off nonsuit in case of William S. Nyhart v. Taylor Borough. Before RICE, P. J., PORTER, HENDERSON, MORRISON, ORLADY, HEAD and BEAVER, JJ. Affirmed.

Appeal from award of viewers.
The facts are stated in the opinion of the Superior Court.

*Error assigned* was refusal to take off nonsuit.

*S. B. Price*, for appellant.—The act of 1878 provides a statutory remedy for any injury caused by the grading, changing or altering of borough streets : Borough of New Brighton v. United Presbyterian Church, 96 Pa. 331 ; Hendrick's App., 103 Pa. 358 ; Seaman v. Washington Borough, 172 Pa. 467 ; Power v. Ridgway Borough, 149 Pa. 317 ; Beltzhoover Borough

v. Gollings, 101 Pa. 293; Croll's App., 2 Penny. 245; City of
Williamsport v. Com., 84 Pa. 487; City of Allegheny's App.,
178 Pa. 325.

The ordinance permitting a change of grade on Main street
gave authority to grade Taylor street to conform with Main:
Lewis v. Homestead Borough, 194 Pa. 199.

If the injury were the necessary consequence of the execu-
tion of the plan adopted by the municipality in grading its
streets, the remedy is by the appointment of viewers under the
acts of 1878 and 1891 : Curran v. East Pittsburg Boro., 20 Pa.
Superior Ct. 590 ; McKee v. Pittsburg, 7 Pa. Superior Ct. 397;
Hoster v. Philadelphia, 12 Pa. Superior Ct. 224; Chathan
Street, 16 Pa. Superior Ct. 103.

*M. W. Lowry* and *H. H. Harris,* for appellee.—The appel-
lant has no standing to recover damages from the defendant
borough in this form of proceeding: Trickett, Pennsylvania
Borough Law, p. 339 ; Billingfelt v. Borough of Adamstown,
5 Lanc. 107; Jones v. Borough of Bangor, 144 Pa. 638; Free-
mansburg Borough v. Rodgers, 7 Cent. Repr. 828.

The grading of Main street in Taylor borough having been
made and completed in 1895, the plaintiff's cause of action, if
such he had, accrued at the time of the grading, and he is
barred by the statute of limitations from bringing an action
against the borough in 1904: Grape Street, 103 Pa. 121 ; Beck
v. Bethlehem Borough, 2 Pa. C. C. Rep. 511.

OPINION BY PORTER, J., October 5, 1906 :

The appellant has been the owner of a lot situate at the cor-
ner of Main and Taylor streets, in the Borough of Taylor,
since 1883. He presented a petition, on January 28, 1904, aver-
ring that the borough authorities had changed the grade of
Taylor street, without his consent, and thereby caused damage
to the property, and praying for the appointment of viewers
to estimate and determine the amount of damage which he
had sustained by reason of said change of grade. Viewers
were appointed and the borough appealed from their award.
The plaintiff, upon the trial of the appeal, proved that the
grade of Main street in front of his property had been changed
under the authority of a borough ordinance dated May 4, 1895,

and that the grading of Main street had been actually done upon the ground in 1895. This grading of Main street left the appellant's property below grade, and the evidence which he produced at the trial was principally directed to showing that his property had been damaged by the grading of Main street. The right of the plaintiff to recover damages for the injury to his property resulting as the natural and necessary consequence of the grading of Main street arose as soon as the work was commenced upon that street in front of his property. The plaintiff admitted at the trial that he knew, at the time the proceeding was pending, in 1895, that there had been a proceeding before viewers to assess the damages and benefits arising from the grading of Main street, that his neighbors had then presented their claims and some of them had recovered damages, but that he presented no claim. The plaintiff was bound to present to those viewers any claim which he had for damages because of injuries resulting as a natural and necessary consequence of the grading of Main street. Even if there never had been a proceeding to assess the damages and benefits arising from the change of grade of Main street, the claim of the plaintiff in the present action for any damages for injuries occasioned by that change was barred by the statute of limitations; the work was done in 1895 and he did not present his petition for the appointment of viewers until January 28, 1904 : Butler Street, 25 Pa. Superior Ct. 357. The plaintiff had not in his petition for the appointment of viewers in the present case invoked the jurisdiction of the court to inquire as to whether his property had been injured or benefited by the grading of Main street. The court below, for these reasons, very properly refused to permit a recovery for damages arising from the grading of Main street.

The plaintiff failed to produce evidence tending to establish that the borough had ever authorized or made any change in the grade of Taylor street, except directly at the intersection with Main street, which was a necessary incident to the grading of Main street, and was done in 1895. That grading was a part of the improvement of Main street, and should have been considered by the viewers who passed upon that improvement: Lewis v. Borough of Homestead, 194 Pa. 199. The only injury to plaintiff's property shown by the evidence to

have resulted from any grading upon Taylor street was by that evidence clearly established to have resulted from. the dumping of earth upon the street by a private individual who was excavating a cellar on the opposite side of the street. That earth was thrown upon the street at a low point where the water had previously flowed, and caused the water for a time to flow upon plaintiff's lot. There was no evidence that the borough had ever authorized this placing of earth upon the street, nor was there any evidence that the unauthorized act had been subsequently ratified or adopted by the borough. The appellant might, upon the evidence which he produced in the court below, have been entitled to recover damages from the private individual who interfered with the natural flow of the water, but he failed to establish a right to recover against the borough. There was no error in the refusal of the learned judge of the court below to take off the nonsuit.

This judgment is affirmed.