## Alcorn *versus* The City of Philadelphia.

*Liability of Municipal Corporation for Conduct of Officers.*

1. A city corporation is not responsible to a lot-owner for damages resulting from negligence on the part of a district surveyor, in locating the line of his lots, so that after a partial construction of a house, he was compelled to rebuild it; because that officer being elected directly by the people, under the authority of a statute, the corporation has no control over him, and is not bound by any of his acts.

2. It is not a duty incumbent on cities, in their corporate capacity, to provide for the survey of lots, the location of lines. &c., but a private one, falling upon the lot-owners themselves; and if injury results from negligence or unskilfulness in the surveyor employed, the employer must look to him for redress.

ERROR to the District Court of *Philadelphia.*

This was an action on the case brought by Samuel Alcorn, to the use of Henry J. Fox, against the City of Philadelphia, for the negligence of one of the city district surveyors, in surveying plaintiff's lot, and for not taking security from the said surveyor.

The plaintiff's *narr.* set forth, in first count, the possession of the lots by plaintiff; the application for a survey; the duty of defendants to use due care therein; that in pursuance of such application, defendants did make the survey, but so negligently, &c., that by the negligence, &c., of the defendants, the defendants' agents and servants, &c., the lines of the said lots were placed eight inches further towards the west than they should have been placed; the plaintiff was obliged to have the lots resurveyed, and to take down the wall, &c., of a house which plaintiff, before he discovered the mistake, had built on the west lot on the lines so given to him by defendants, and recede and rebuild the same eight inches to the east; the said western lot was narrowed in width eight inches, and the said eight inches placed on the east side of a house built by plaintiff before, &c., on the eastern lot, whereby the plaintiff lost the benefit and advantage of the said survey, was put to great expense in having the lots resurveyed correctly, and in taking down, receding, and rebuilding the said wall, &c.; was otherwise damnified by the deterioration in value of the western lot, by its being narrowed as aforesaid, and by the loss of the value of the said eight inches of ground so displaced as aforesaid, and by the loss of the party-wall of the eastern house, and otherwise damnified, &c.

2d count. As 1st; but alleging that plaintiff paid $6 as reward for the survey.

3d count. Same as 1st, but alleging that plaintiff applied for survey in compliance with the provisions of the Act of Assembly and ordinance of councils in such case, &c.

[Alcorn *v.* City of Philadelphia.]

4th count. Same as 3d, but alleging that plaintiff paid $6 as reward for survey.

5th count. Same as 1st, but alleging that plaintiff retained defendants to make survey.

6th count. Same as 5th, but alleging that such retainer was for reward.

7th count. For negligence in not taking security from the district surveyor. Setting forth the possession of the lots by plaintiff; that in pursuance of the Act of Assembly and of the ordinance of the city, he applied to the surveyor of the district to make a survey; that the said surveyor did make the survey, but so negligently that he placed the lots eight inches further towards the west than he should have done, &c., as in 1st count, setting forth the same damages specially. Then, that although by the laws of the Commonwealth of Pennsylvania, it was the duty of the defendants to take security from the said surveyor, by which the payment of said damages might be secured to the plaintiff, yet the said defendants would not and did not so do, but wholly omitted and neglected so to do, whereby plaintiff was deprived of the benefit of such security and of the means of obtaining the payment of said damages, &c., and is otherwise damnified, &c.

8th count. Same as 7th, but alleging that by the ordinances of the said city, it was the duty of defendants to take from the surveyor a bond with two securities in the sum of $4000, conditioned for the payment of any damages or expenses which might arise by means of any mistake which the said surveyor might make in said survey; and laying the damages at $10,000.

By leave of the court this *narr.* was amended by setting forth that plaintiff was obliged to cancel a mortgage given on the east lot, and to raise money to pay off another on the western lot, to the damage of plaintiff, &c. To all which defendants pleaded not guilty.

There was a verdict rendered for plaintiff for $871.57, subject to the opinion of the court upon the reserved point, viz., whether the defendants are responsible to the plaintiff for the negligence of the surveyor, or for not having taken security from him.

Subsequently, the court in banc discharged the rule for a new trial, and entered judgment on the reserved point for defendant *non obstante veredicto*, filing of record the following opinion:—

"This is an action on the case against the city of Philadelphia, for damage sustained by the alleged negligence of one of the district surveyors in giving the plaintiff the lines of his lot, on which he proposed and actually proceeded to build. The question reserved is, whether such an action will lie against the city. So far as regards the survey of private lots and giving the lines for party-walls, the functions of the surveyor are judi-

cial, rather than ministerial.    His award, unless appealed from, is conclusive as to those persons to whom notice has been given. It is·true that notice is essential to the jurisdiction, and must affirmatively appear to sustain his award.    But the allegation in this *narr.* is, not that he neglected to give notice, but that, 1st. He negligently made a wrong survey; and 2d. That the defendants neglected to take security from him.    We do not say that an action would lie against the city for the neglect of the surveyor in giving due notice; it is rather the business of the party, as in other judicial proceedings, to take care that such notice is given, in order that the full fruit of the proceedings may be enjoyed.    As, then, the surveyor himself would not have been personally liable for his mistake in giving the wrong lines, as the only remedy of the party was by appeal, it seems to follow, unanswerably, that the city cannot be made to respond in damages in this action."

Which judgment was assigned for error by the plaintiff.

*Thomas E. McElroy* and *Samuel C. Perkins*, for plaintiff.

*David W. Sellers* and *F. C. Brewster*, for defendants.

The opinion of the court was delivered, March 2d 1863, by

THOMPSON, J.—The officer for whose dereliction it is attempted to hold the city, was a local functionary authorized by statute, not by ordinance, elected by the people of a defined district, and not subject to removal by the corporate authorities.    Notwithstanding this, it is claimed that the city is answerable to the plaintiff for alleged negligence on the part of the surveyor, resulting in a mislocation of the lines of his lot, in which the city corporation had no concern or control.

Without there is something springing out of the relationship between the surveyor and the city corporation, sanctioned by legal principles, local custom, or usage, which will constrain us to adopt the conclusion contended for by the plaintiff's counsel, there being no statute which does so, we will not be likely to do so, considering it as a case of the first impression. The doctrine of *respondeat superior* cannot, I think, be invoked to aid a case of this kind.    It applies most generally to cases of domestic servants, and possibly it may have gone beyond this, if we use the term in its popular sense.    It rests, however, certainly on the fact that the servant is of the master's selection, and is by him appointed to do the particular work or perform a defined duty, although not under his direct superintendence. Now, in the case in hand, the selection of the officer was not by the corporation as a corporation, but by the people in their sovereign capacity.    Nor was the surveyor directed or com-

· [Alcorn v. City of Philadelphia.]

manded by the corporation to perform the services of which the plaintiff complains. He did it in pursuance of the law of the statute. Unless, therefore, we disregard these well-settled principles, constituting the relation of master and servant, we cannot give effect to the consequences which do not flow from them, and render a party liable for them, although they do not exist in his case.

I have carefully examined the various statutes on the subject of city regulators or surveyors, from the Act of 1721 down to and including the Act of 1856, but will not encumber this opinion with a digest of them. They all show, what some of them express, that they were established to prevent "irregularities" in the location of foundations for buildings, party-walls, and the lines of lots for individuals, and to prevent "controversies in regard thereto, and to lay out streets, &c., for the city." Irregularities in surveys are supposed to be best prevented by having designated officers to make them, and "controversies" obviated by making their acts and awards final, unless appealed from. To designate officers to make surveys for each district, and require them to keep offices where they might be found, and where the plans of the city might be seen, was a great convenience to the people: but as they were to be called on by each individual requiring their services, they thus would become the agent of the party so employing them, and not the agent of the city in that business, and consequently liable to the party thus employing them for any negligence in the performance of their duty. What seems to me a conclusive consideration in this question is that the city had no right to direct the surveyor to perform the work in any particular way, nor could they correct it if wrong, or correct it in any manner whatever. The only mode pointed out for correction of mistakes or errors is by an appeal to the judicial tribunals either directly or indirectly. For negligence, no doubt, the officer would be answerable to the party injured by it, but not, I apprehend, for an error of judgment. That must be corrected as just stated.

It is supposed that cities and townships, being liable in their corporate capacities for the neglect of their officers to repair the highways, as held in Dean v. Milford Township, 5 W. & S. 545, and Erie City v. Schwingle, 10 Harris 384, and in more recent cases, sanctions a recovery in this case. We do not think so. Distinctions exist and must be observed where duties and obligations differ, although they may have their origin in the same source. Townships and cities are bound to keep up their highways, for they open them, and invite travel upon them, and are the exclusive authority to raise the money to construct and repair them, and hence a party injured by reason of neglect to repair, may look directly to the party bound to repair. But neither city,

[Alcorn *v.* City of Philadelphia.]·

county, or township is required or furnished with the means to survey people's lots, or lay out their foundations for buildings or party-walls. This is not a public duty; it is private, and they are not bound by virtue of their corporate capacity to do it, and there is no statute requiring it to be done. Public law has established the office of surveyor for the performance of certain duties, and when, as in the case in hand, they are of a private nature, if, in the manner of performing them, injury ensues from negligence or unskilfulness, the party employing the officer must look to him for redress.

There are many local offices, and some of them partially muni-.cipal in their functions, established for the convenience of individuals composing society, as well as society in its aggregate or corporate character; such as aldermen, justices of the· peace, constables, sheriffs, county surveyors, and the like; but we never heard of the district for which they are elected being held answerable for ·their acts or omissions. I do not find anything in ordinary municipal incorporations, and nothing in that of this city, to change this general principle of non-liability; nor in the law applicable to municipal corporations, where the relation of principal and agent does not exist in fact. Where private parties are injured by the carelessness or negligence of any such functionary, the redress is had directly from the wrongdoer. So we think it must be in a case like this. We speak not of a case where there is security, for then it may be upon the bond of the officer and his sureties. This system of surveyors or regulators has been in force for over one hundred. and forty years in this city, and we find no adjudicated case of a recovery such as is claimed here. "It can hardly be supposed that this is the first time that occasion has arisen inviting the trial of the experiment; but we may suppose rather that no one has before thought it possible to succeed in it.

When Amos Styles, the surveyor complained of here, was elected, there was no law which required him to give security for the faithful performance of his duties. But I do not think we need discuss this branch of the case, even supposing that security might have been required of him for the faithful performance of *all* his duties, public and private, which I think ought to be the rule, if the law will permit it, as I do not see there was a word of evidence going to show that the plaintiff was injured for want of the security. The point reserved below was whether, upon *all* the evidence in the case, the plaintiff was entitled to recover. Now although it is by the 13th section of the Act of 1836 made the duty of councils to "regulate the survey department, and take security from, and prescribe the duties of the district surveyor," still there could be no recovery for the omission, unless

[Alcorn *v.* City of Philadelphia.]

it were shown in some way, that it contributed to the injury of the plaintiff.

We do not mean to decide any question about the security to be taken, and for whose use it will enure when taken. We have in this last remark stated the case hypothetically; that is to say, *if* the city was bound to take security from Styles, and did not do it, it was necessary that the plaintiff should have shown when and how he was injured thereby. This he has not done. And for all these reasons,

The judgment is affirmed.