## Carpenter *v.* Pennsylvania Railroad Company.

*Road law—Municipalities—Vacation of street.*

Where a street is struck off the city plan by the department of public works of a city of the first class, in obedience to an ordinance of councils, and a new plan is confirmed omitting the street, the legal vacation is complete, and does not require any confirmation or other action by proceedings in the courts.  It is immaterial that the ordinance does not expressly name the street, if it appears that the object to be accomplished by the ordinance involved a complicated problem of readjustment of lines and grades of a number of streets, including the street vacated.

Argued Jan. 23, 1900.  Appeal, No. 340, Jan. T., 1899, by plaintiff, from judgment of C. P. No. 4, Phila. Co., June T., 1892, No. 865, on verdict for defendant in suit of Ellen Carpenter v. Pennsylvania R. R. Co.  Before McCOLLUM, MITCHELL, DEAN, FELL, BROWN and MESTREZAT, JJ.  Affirmed.

Trespass for an alleged unlawful obstruction of Tacony road

by the erection of a board fence across the entire width of the road.   Before AUDENRIED, J.

At the trial it appeared that under the ordinance of March 29, 1887, the department of surveys was authorized "to revise the lines and grades of the city plan along the line of the Philadelphia and Trenton Railroad from Tacony street to Pennypack creek, so that all grade crossings of the said railroad may be avoided."   In April, 1890, the bureau of surveys revised the plans by striking off Tacony road, and confirmed a new plan on which it was omitted.   The defendant subsequently erected the fence of which plaintiff complained.

The court gave binding instructions for defendant.

Verdict and judgment for defendant.   Plaintiff appealed.

*Error assigned* was in giving binding instructions for defendant.

*Thomas A. Fahy*, for appellant.

*David W. Sellers*, for appellee.

OPINION BY MR. JUSTICE MITCHELL, March 19, 1900:

In Wetherill v. R. R. Co., opinion filed herewith, it is held that where a street is struck off the city plan by the department of public works, in obedience to an ordinance of councils, and a new plan is confirmed, omitting the street, the legal vacation is complete and does not require any confirmation or other action by proceedings in the courts.

This disposes of the substantial question in the present case. The difference is merely in the form of the ordinances.   In Wetherill v. R. R. Co. the ordinance directed the striking off of Wheatsheaf lane from the city plan, expressly and by name. In the present case the ordinance authorized the department of surveys (meaning the bureau of surveys, a subordinate division of the department of public works) "to revise the lines and grades of the city plans along the line of the Philadelphia and Trenton Railroad, from Tacony street to Pennypack creek, so that all grade crossings of the said railroad may be avoided."   The object to be accomplished by this ordinance involving a complicated problem of readjustment of lines and

grades of a number of streets, councils did not direct the particular changes to be made, but committed such details to the executive bureau having special knowledge and skill on that subject. But the authority granted was ample and whatever was done by the bureau of surveys within the discretion thus committed to them, became as binding and conclusive as if it had been directed specifically in the ordinance.

Under this authority the bureau of surveys revised the plan, inter alia, by striking off Tacony road, and confirmed a new plan on which it was omitted. The defendant subsequently erected the fence across Tacony road for which this action was brought. As the road was thus vacated and no longer a public highway the defendant was within its rights in closing it by a fence on the line of its right of way.

The case of Knowles v. Penna. R. Co., 175 Pa. 623, is not at variance with this principle. No question was there raised as to the vacation of a street by a revision of the plan, and the case was decided on the ground that the fence was prematurely erected before the authority was conferred. In the opinion our Brother McCollum says : "It is obvious, therefore, that the obstruction complained of had no connection with the revision of grades or the elevation of the roadbed. It was not authorized by the ordinance nor by any action of the city thereunder. It was by the company's own confession in removing it, as needless and unwarranted at any time before April, 1894, as it would have been if erected at any time before December 14, 1891."

Whether, even if the obstruction in the present case had been unlawful, the plaintiff made out a right of private action we need not now consider.

Judgment affirmed.