# Butler Street.

*Road law—Vacation of streets—Time when injury arises.*

The injury to an owner of abutting property in the case of a vacation by striking a street off the city plan by the board of surveyors in obedience to an ordinance of councils, arises when the street is stricken off, and is not postponed until the street is physically closed.

Argued Oct. 22, 1901. Appeal, No. 115, Oct. T., 1901, by Gustav A. Schwab, from order of Q. S. Phila. Co., Dec. T., 1900, quashing his petition in the matter of the vacation and closing of Butler street from Lawrence street to American street in the thirty-third ward of the city of Philadelphia. Before RICE, P. J., BEAVER, ORLADY, W. W. PORTER and W. D. PORTER, JJ. Affirmed.

Petition for appointment of viewers.

The petitioner averred that he owned certain properties in Philadelphia, on Butler street west of Lawrence, and that by an ordinance of councils approved February 4, 1892, the de-partment of public works of said city was authorized to enter into a contract with certain railroad companies for the abolish-ment of certain grade crossings and for the construction of bridges to carry such streets as might be required by the director of the department of public works over or under the said rail-roads ; that by an ordinance passed March 15, 1892, the depart-ment of public works was authorized to revise the lines and

grades of plan No. 226 ; that in pursuance of the general scheme of improvement, this plan duly revised by the department, with Butler street from Lawrence to American blotted out, omitted, or vacated, was duly confirmed by the board of surveyors, January 15, 1894, and that in accordance with said plan and with the general scheme of improvement, the aforesaid railroad companies, about March 5, 1895, built a fence across Butler street just beyond Lawrence, and lowered their tracks by making a deep excavation, thereby rendering Butler street entirely impassable ; that at this time Lawrence street had not been dedicated or otherwise legally opened, and was neither paved nor graded, and in such condition as to be physically impassable to vehicles, so that by the vacation of Butler street as above described, petitioner's properties were deprived of access on the eastern side and left practically in a cul de sac ; that at the date of the confirmation of the plan by the board of surveyors, January 15, 1894, the title to the properties was in Emily L. Neilson, but on July 27, 1894, she conveyed to the petitioner, in whom title was vested at the time the physical change took place.

The city filed a motion to quash the petition on the following grounds : 1. That on January 15, 1894, the petitioner was not the owner of any property on Butler street. 2. At the time of the vacation, the title was in one Emily L. Neilson, and not in the petitioner. 3. The petitioner had sustained no damage for which the city was liable.

The court quashed the petition without filing an opinion.

*Error assigned* was the order of the court.

*Howard W. Page* and *Joseph DeF. Junkin*, with them *William D. Neilson*, for appellant.—The action of the railroad companies in closing Butler street is to be regarded, not as a tort but as lawful, in view of the ordinance of councils and the acquiescence of the city seems evident: McGee's Appeal, 114 Pa. 470 ; Melon St., 44 W. N. C. 361 : 192 Pa. 331.

The right of action for a change of grade, where the original grade has not been established before the consolidation act, February 2, 1854, does not arise until the actual cutting of the ground: Ogden v. Phila., 143 Pa. 430 ; O'Brien v. Phila., 150 Pa. 593 ; Jones v. Bangor Boro., 144 Pa. 638, 648.

Nothing is better settled than that as between the city and the property owner, no right of action accrues, notwithstanding an order or decree of court has been made opening a street, until some act is done or notice or demand made affecting or relating to the possession or appropriation of the land to the actual opening of the street: Volkmar St., 124 Pa. 320 ; Grugan v. Philadelphia, 158 Pa. 337.

*Francis L. Wayland,* assistant city solicitor, with him *John H. Maurer* and *John L. Kinsey,* city solicitor, for appellee.—He who is the owner of property alleged to be injured, damaged or destroyed, at the time when the injury takes place, is the only party entitled to claim and recover damages, if there be any, by reason of either change of grade, opening, widening or vacation of public highways: Tenbrooke v. Jahke, 77 Pa. 392 ; Campbell v. Philadelphia, 108 Pa. 300 ; Losch's App., 109 Pa. 72.

When a street is struck off the city plan by the department of public works, in obedience to an ordinance of councils and a new plan is confirmed, omitting the street, the legal vacation is complete and does not require any confirmation or other action by proceedings in the courts: Wetherill v. Pennsylvania R. R. Co., 195 Pa. 156 ; Carpenter v. Penna. R. R. Co., 195 Pa. 160 ; William Street, 7 Pa. Dist. Rep. 1.

OPINION BY WILLIAM W. PORTER, J., January 21, 1902 :

The sole question in this case is, whether the injury to an owner of nonabutting property, in the case of a vacation by striking a street off the city plan by the board of surveyors in obedience to an ordinance of councils, arises when the street is stricken off, or when it is physically closed.    The Supreme Court has recently held, in Wetherill v. Penna. R. R. Co., 195 Pa. 156, that where a street is stricken from the city plan by the department of public works, in obedience to an ordinance of councils, and a new plan is confirmed, omitting the street, the legal vacation is complete and does not require any confirmation or other action by proceedings in the courts, Mr. Justice MITCHELL saying : " When, therefore, in obedience to the authority and direction of councils, a street is stricken off the city plan by the department, it has no longer any warrant for existence as a public street.    There is no appeal or review by

any judicial tribunal and nothing further required for a complete legal vacation." See also Carpenter v. Penna. R. R. Co., 195 Pa. 160. In the case at bar, Butler street was omitted from the new plan in obedience to an ordinance of councils. This action was, under the cases cited, a complete vacation. The land formerly subjected to the servitude of public use was restored to the abutting owners. Responsibility on the part of the city for the street as a public highway, ceased. The right of the public to use the street as a public highway was gone. It was depreciation of value due to the extinction of this right which injured the owners of property adjacent to the vacation, if any injury did in fact result. The erection subsequently of a physical obstruction to the use of the street could not injure the owners of adjacent property, for the right to use no longer existed. We must, therefore, conclude that the injury, for which damages are now sought, was complete (if injury accrued) when the plan was confirmed, omitting the street.

It is unnecessary to answer in detail the arguments skilfully and earnestly presented by counsel for the appellant, since they do not satisfactorily point out any way of escape from the effect and application of 'the language of the Supreme Court in the cases cited. Wherefore, the order of the court below dismissing the petition is affirmed.