# Tabor Street.

*Road law—Vacation of streets—Philadelphia county—Statute of limitations—Acts of March 27, 1713, 1 Sm. L. 76, and April 21, 1858, P. L. 385.*

Viewers will not be appointed to assess damages for the vacation of a street in the city of Philadelphia if the petition is not presented until more than six years after the confirmation of the plan vacating the street.

Argued Oct. 22, 1903. Appeal, No. 144, Oct. T., 1903, by Charles F. Myers, from order of Q. S. Phila. Co., Dec. T., 1902,

Docket 50, p. 236, quashing petition in the matter of the vacation of Tabor Street, east of Tenth Street. Before RICE, P. J., BEAVER, ORLADY, SMITH, PORTER, MORRISON and HENDERSON, JJ. Affirmed.

Petition for the appointment of viewers to assess damages for the vacation of a street.

*Error assigned* was order quashing petition.

*W. B. Linn* and *C. Berkeley Taylor*, for appellant.

*John H. Maurer*, assistant city solicitor, with him *John L. Kinsey*, city solicitor, for appellee.

OPINION BY PORTER, J., July 28, 1904:

The revision of the plan which included Tabor street was duly authorized by an ordinance approved March 15, 1892; pursuant to said ordinance the plan was duly revised, and Tabor street east of Tenth street stricken therefrom and vacated, which revised plan was duly confirmed by the proper department of the city government on December 19, 1892. The petition of the appellant for the appointment of viewers to assess damages resulting from the vacation of the street was presented on the 19th day of December, 1903, eleven years after the confirmation of the plan vacating the street. The legal vacation of the street was complete when the new plan from which it was omitted was confirmed: Wetherill v. Pennsylvania Railroad Company, 195 Pa. 156; Carpenter v. Pennsylvania Railroad Company, 195 Pa. 160; Butler Street, 19 Pa. Superior Ct. 48. The city had no further control over the grounds upon which the street had been located; the rights of the public were at an end. The abutting owners had absolute control of the land over which the highway had formerly passed; they might leave it open or close it as they saw fit. If the appellant or any other owner of abutting lands is entitled to a private right of way, appurtenant to said lands, founded in dedication by some predecessor in title, that right may be asserted in a proper manner and in a tribunal having jurisdiction to enforce it: In re Melon Street, 182 Pa. 397. The right

Opinion of the Court.

of the appellant to demand compensation for damages resulting from the vacation. of the public highway had been long barred by lapse of time when he presented his petition to the court below, as we have held in an opinion filed herewith, in the matter of the vacation of Butler street.

The order of the court of quarter sessions is affirmed.