# Pulaski Avenue.

*Road law—Vacation of streets—Omission of street from plan—Statute of limitations—Estoppel.*

Where the proper authorities in a city of the first class adopt and confirm a new plan of streets from which a portion of a previously existing street is omitted, the confirmation of such plan operates as an immediate vacation of the portion of the street omitted, and the statute of limitations begins forthwith to run against landowners injured by the vacation; and it is immaterial that the street was not actually closed to public use for years thereafter, or that a petition presented by one property owner was quashed on the mistaken theory of the court below that damages did not accrue until the street was physically closed, and also for want of jurisdiction of the court of common pleas.

Damage resulting from the vacation of a street is a personal claim to which the owner at the time of the vacation is entitled.   Such a claim does not pass by a grant of the land, nor does it run with the land.

Argued Oct. 17, 1906.    Appeal, No. 103, Oct. T., 1906, by Emil Wahl Manufacturing Company, from order of Q. S. Phila.

Co., June T., 1905, quashing petition for the appointment of viewers In the Matter of the Vacation of Pulaski Avenue from Ruffner Street to Roberts Avenue. Before RICE, P. J., PORTER, HENDERSON, MORRISON, ORLADY, HEAD and BEAVER, JJ. Affirmed.

Petition for the appointment of viewers.

The opinion of the Superior Court states the case.

*Error assigned* was order quashing the petition.

*Theodore F. Jenkins* and *William W. Staake*, with them *Henry B. Patton*, for appellant.—The petitioner's claim is not barred by the statute of limitations: Schuylkill Nav. Co. v. Thoburn, 7 S. & R. 411 ; Whitaker v. Phoenixville Boro., 141 Pa. 327 ; Volkmar Street, 124 Pa. 320 ; Brower v. Phila., 142 Pa. 350 ; Centre Street, 115 Pa. 247 ; Eisenhart v. Phila., 154 Pa. 393 ; Howley v. Pittsburg, 204 Pa. 428 ; Norwood Street, 12 Pa. Dist. Rep. 309.

Tabor Street, 25 Pa. Superior Ct. 355, and Butler Street, 25 Pa. Superior Ct. 357 (1904), decided that the statute of limitations barred all proceedings for damages for the vacation of a street not begun within six years from the confirmation of a plan omitting the street. It is submitted, however, that the statute of limitations could not begin to run so long as the city retained possession of the street: Freeman on Judgments, sec. 165 ; Hersey v. Turbett, 27 Pa. 418.

The judgment in Pulaski Avenue, 5 Pa. Dist. Rep. 1, bound all the parties to the proceeding and their privies: Bower v. Tallman, 5 W. & S. 556 ; Campbell v. Stephens, 66 Pa. 314 ; Martin v. Ives, 17 S. & R. 364 ; In re Polsgrove, 5 Pa. 500 ; Kiern v. Ainsworth, 95 Pa. 310 ; Ott v. Kreiter, 110 Pa. 370 ; Daniels v. Tearney, 102 U. S. 415 ; Ry. Co. v. McCarthy, 96 U. S. 258 ; R. R. Co. v. Howard, 54 U. S. 307, 335 ; Trutt v. Spotts, 87 Pa. 339, 341 ; Bliem v. Daubenspreck, 169 Pa. 282 ; Barnes v. Railroad Co., 27 Pa. Superior Ct. 84.

*John H. Maurer*, assistant city solicitor, with him *John L. Kinsey*, city solicitor, for appellee.—The cause of action in this case arose on June 3, 1895, the time when the street was

stricken from the plan, and was not postponed until the physical closing up of the street: William Street, 7 Pa. Dist. Rep. 1; Butler Street, 19 Pa. Superior Ct. 48; Carpenter v. Railroad Co., 195 Pa. 160; Wetherill v. Railroad Co., 195 Pa. 156; Morris v. Philadelphia, 199 Pa. 357; Penrose Ferry Avenue, 13 Pa. Dist. Rep. 396.

The statute of limitations began to run from June 3, 1895: Tabor Street, 25 Pa. Superior Ct. 355; Butler Street, 25 Pa. Superior Ct. 357.

Damages being in the nature of a trespass for injury done to the land, do not pass by a subsequent conveyance: Tenbrooke v. Jakhe, 77 Pa. 392; Campbell v. Philadelphia, 108 Pa. 300; Losch's Appeal, 109 Pa. 72.

There was no estoppel: Dungan v. American Life Ins. & Trust Co., 52 Pa. 253; Plumer's App., 11 W. N. C. 144.

OPINION BY HENDERSON, J., February 25, 1907:

Pursuant to an ordinance of the city of Philadelphia authorizing a revision of lines and grades the board of surveyors (now the department of public works) on June 3, 1895 adopted and confirmed a new plan from which Pulaski avenue between Ruffner street and Roberts avenue was omitted. The effect of this action was an absolute vacation of the omitted portion of Pulaski avenue. It ceased to exist as a street and no further action was necessary to effect the restoration of the vacated portion to the abutting landowners: Wetherill v. R. R. Co., 195 Pa. 156; Carpenter v. R. R. Co., 195 Pa. 160; In re Butler St., 19 Pa. Superior Ct. 48. The petition of the appellant out of which this proceeding arose sets forth the action of the board of surveyors and asks for the appointment of viewers to assess damages under the Act of April 21, 1858, P. L. 385. This petition, it will be observed, was presented to the court of quarter sessions more than ten years after the street was vacated. We held in In re Tabor St., 25 Pa. Superior Ct. 355, and In re Butler St., 25 Pa. Superior Ct. 357, that the right of action of a party injured by the vacation of a street in Philadelphia arises when the plan vacating the street is duly confirmed, and that after the lapse of six years from such confirmation a claim for damages for such vacation is barred by the statute of limitations; and this re-

lates not to the time when the street is actually closed, but to the time when it ceases to be a public street by reason of the action of the proper authorities vacating it on the city plan. The cases cited by the appellant in support of the position that the right of action begins to run from the time the street is physically closed grew out of the appropriation of land for streets or a change of grade resulting in a physical change of the petitioner's property. In such cases the possession of the owner is frequently not disturbed until a long time after the action contemplating the change, but in the case of the vacation of a street there is no appropriation of property, no change of grade. The statement in the opinion in Centre St., 115 Pa. 247 quoted in the argument of the appellant's counsel that there is no difference in principle in cases of opening and those of vacating streets has no reference to the question when the right of action begins. The subject there under discussion is that of the assessment of benefits, the contention of one of the parties being that there was no provision of law for the assessment of benefits for the payment of damages occasioned by the vacation of streets. The closing of a street is not a municipal act. That may be done by the owners. This is what was done in Carpenter v. R. R. Co., 195 Pa. 160.

There is the further objection to the appellant's proceeding that it was not the owner of its property at the time the vacation took place. Damages resulting from the vacation of a street is a personal claim to which the owner at the time of the vacation is entitled. Such a claim does not pass by a grant of the land, nor does it run with the land: Campbell v. Philadelphia, 108 Pa. 300; Losch's Appeal, 109 Pa. 72; In re Butler St., 25 Pa. Superior Ct. 357. The appellant contends that the city is estopped from maintaining that the vacation took place on June 3, 1895, for the reason that one Thomas P. Cope presented a petition for the appointment of viewers to assess damages on account of the vacation of the street in 1895 and that the city of Philadelphia moved to quash the petition for the reason, among others, that the striking of a street from the city plan was not a vacation of the street and that the court of common pleas thereupon quashed the petition. The court was of the opinion in the case to which the appellant refers that the vacation did not take place until there was a physical closing

of the street, but the court also held that it had not jurisdiction of the subject, which was a conclusive reason for the order entered. It does not appear that there was any acquiescence in the conclusion of the court upon that point by the petitioner or that his counsel acquiesced therein and that the order of the court was made because of such assertion of acquiescence. This misapprehension of the law by the counsel or the court of common pleas would not work an estoppel. All the parties had an equal opportunity to know what the law was. That the court was in error on the question was afterward decided in Wetherill v. R. R. Co., 195 Pa. 156, but Cope was not induced by the city to act to his prejudice or believe that the law was as stated by the city solicitor; and certainly the appellant here has no standing to allege an estoppel, for it does not appear that either he or his predecessor in title appeared in court or took any part in the case then pending. It is further contended that the city of Philadelphia recognized the existence of the street until February, 1904, by permitting the public and a street railway company to use the avenue; by continuing the water mains thereunder; by affording police protection, maintaining the bridges thereon, continuing the lighting of the street and by giving lines and building permits. The answer to this is that the streets of the city are created and vacated in conformity with statutory provisions. After the street was regularly vacated no action of subordinate officials of the city could continue its existence. By the vacation the land was relieved from public servitude as a street. The abutting owners could have closed it; their omission so to do did not remove the limitation of the statute. None of the acts recited in the petition could postpone the vacation which had been effectually accomplished by the action of the board of surveyors on June 3, 1895: Stull's Appeal, 11 W. N. C. 350; Alcorn v. City of Philadelphia, 44 Pa. 348.

The judgment is affirmed.