# Pulaski Avenue.

*Road law—Vacation of street—Statute of limitations—Estoppel.*

Where the court of common pleas has entered an order quashing a petition for the appointment of viewers to assess damages for the vacation of a street, and such order is not appealed from, property owners, not petitioners, represented by counsel in the proceedings, cannot after the expiration of thirteen years from the date of the order petition the court for the appointment of viewers, because the Supreme Court in another proceeding between different parties had declared the law in an exactly contrary sense to that upon which the order dismissing the original petition was based. In such a case no estoppel arises against the city because the order dismissing the original petition was made on the city's motion, it not appearing from the record what part the petitioners took in the original proceeding.

Argued Oct. 16, 1908. Appeal, No. 126, Oct. T., 1908, by Henry R. and Walter Hatfield, from order of Q. S. Philadelphia Co., April T., 1908, Minute Book 8, page 180, quashing a petition for the appointment of viewers in the Matter of the Vacation of Pulaski Avenue. Before RICE, P. J., PORTER, HENDERSON, MORRISON and ORLADY, JJ. Affirmed.

Motion to quash petition for appointment of viewers.
The facts are stated in the opinion of the Superior Court.

*Error assigned* was in quashing the petition.

*W. W. Porter*, of *Porter, Foulkrod & McCullagh*, for appellants.—If it be contended that the statute of limitations has been sufficiently pleaded by the city by some indirect inference from the averments contained in the answer, nevertheless the rights of the parties to this proceeding are defined by the judgment of the court of common pleas entered in 1895, which has conclusively determined that the right of action of these appellants accrued upon the actual vacation of Pulaski avenue, which occurred within six years from the presentation of this

petition: Peterson v. Lothrop, 34 Pa. 223; Pulaski Avenue, 220 Pa. 276; Pulaski Avenue, 5 Pa. Dist. Rep. 1.

The city of Philadelphia is estopped by the judgment of the court of common pleas No. 1, entered in 1895, on the city's own motion, from pleading the statute of limitations in bar of the right of recovery of these appellants: Bailey v. Bailey, 44 Pa. 274; McQueen's App., 104 Pa. 595; Armstrong v. Levan, 109 Pa. 177; Wills v. Kane, 2 Grant, 60.

*James Alcorn,* assistant city solicitor, with him *William Gray* and *J. Howard Gendell,* city solicitor, for appellee.—It would seem that the status of all claims arising out of the vacation of Pulaski avenue had been finally fixed by the decision of this court in In re Pulaski Avenue, 33 Pa. Superior Ct. 108.

The present case is very much like the case of Upsal St., 22 Pa. Superior Ct. 150. See also Old Tacony Road, 32 Pa. Superior Ct. 444.

OPINION BY RICE, P. J., February 26, 1909:

For a history of the proceedings relative to this matter which preceded the present application we refer to the opinion of Mr. Justice MESTREZAT in Pulaski Avenue, 220 Pa. 276, and the opinion of our Brother HENDERSON in Pulaski Avenue, 33 Pa. Superior Ct. 108.

The appellant's petition for the appointment of viewers to assess their damages which is now under consideration was presented on April 3, 1908. This was nearly fifteen years after the part of the street in question had been struck from the city plan pursuant to the ordinance approved April 7, 1893. The city moved to quash the petition "for the reasons set forth in the answer." The motion and the answer considered together preclude doubt that the facts alleged in the latter, in which was included the fact of lapse of time, were relied on by the city as barring the petitioners' claim. This was a sufficient pleading of the statute of limitation to warrant the court in dismissing the petition, if under the admitted or undisputed facts the claim was barred.

It clearly was barred (see Butler St., 25 Pa. Superior Ct.

357), unless the order of the common pleas entered in 1895 had
the effect of suspending the operation of the statute until the
whole of the part of the street vacated was physically closed
to public travel. We cannot agree that it had that effect. To
hold that it had would seem to be in conflict with the general
principle that the conclusive effect of a judicial design cannot
be extended by argument or implication to matter not actually
heard and determined: Schwan v. Kelly, 173 Pa. 65. The
court did not attempt to decide what would be the rights and
obligations of the parties when the property owners should
actually close the street. The order was based on two grounds:
first, that property owners had no right to recover damages for
the mere striking a street off the public plan; second, that in
Philadelphia the court of common pleas had no jurisdiction of a
proceeding to assess damage for the vacation of a street.
Speaking of the order Justice MESTREZAT said in the case above
cited: "The order was in the nature of a decree or judgment
adjudicating the rights of the present appellants" (who are
the appellants in this case) "and other abutting property
owners to have damages assessed for alleged injuries sustained
by reason of the vacation of Pulaski avenue. It was final and
was made in a proceeding in which the court had jurisdiction
of the persons and the subject-matter. The order was conclu-
sive against the rights of the parties to maintain an action for
damages at that time. If erroneous the order was not void,
but simply voidable, and the aggrieved party had the right to
appeal. This is a statutory right and if any of the interested
parties were aggrieved by the order, an appeal could have been
taken and the error corrected by the appellate court." Further
on in his opinion, speaking of the same order, he said: "The
order . . . . was not excepted to or appealed from within
the statutory period, and is as binding and conclusive as if
an appeal had been taken and the order had been affirmed by
this court. The decision, therefore, is the law of the case as
applied to that order and neither party can now assail or con-
trovert it." The appellants take this to mean that this ad-
judication of the common pleas, though shown by subsequent
decisions of the Supreme Court to be erroneous, established

the right of these appellants to proceed for the assessment of damages at any time within six years after the street was actually closed to public travel; that that is the law of the case, notwithstanding the general rule of law applicable to the vacation of streets in Philadelphia is that the proceeding must be begun within six years after the street is struck from the public plan. We do not so interpret the opinion, and that the Supreme Court did not intend that meaning to be taken from it is shown quite clearly, we think, by the following concluding remarks: "Again, it appears that the decision of the court upon which the appellants rely to convict the lower court of error in this case were rendered in the early part of 1900, and, therefore, more than a year before the expiration of the six years within which they were required to institute proceedings to have their damages assessed. The position, therefore, which the appellants now occupy certainly cannot commend itself to any court. There should be an end to litigation and courts cannot look with favor upon proceedings instituted by parties who, as here, give no consideration to the limitations within which the statute provides they shall assert their rights." If this is not absolutely inconsistent with, it certainly does not support, the contention, that although the appellants had no right after that lapse of time to have the proceeding in the common pleas reinstated so that they could have their damages assessed therein, they could nevertheless have them assessed in a new proceeding of the same kind instituted in another court. The reasoning of the opinion taken as a whole leads to the conclusion that the remedy of parties aggrieved by the erroneous decision of the common pleas (which, as we have seen, was simply that abutting property owners had no right to recover damages for the mere striking a street off the public plan) was by motion to rescind the order within the term or by appeal therefrom within the statutory period allowed for appeals. We regard the decision rendered on the appeal of Emil Walsh Manufacturing Company (Pulaski Avenue, 33 Pa. Superior Ct. 108), as ruling the question of the effect of the order of the common pleas of 1895 against the appellants' present contention, and have not felt called upon to

go into a discussion of the question again further than to show that the later decision of the Supreme Court does not require a different ruling.

It is argued that the principle of estoppel applies, because the order of July, 1895, was made on the city's motion, and that so far as this question is concerned the facts of this case distinguish it from the case of Emil Walsh Manufacturing Company, above referred to. It is true the present petition alleges that the appellants were notified of the first meeting of the viewers appointed in the proceeding in the common pleas, and pursuant thereto appeared as parties. It is not alleged that their appearance was entered of record, but it is stated in their brief of argument, and not denied by the appellee, that their counsel were present at the argument of the motion to quash that proceeding. But whether they claimed damages, and whether they sided with the petitioner or the city upon the hearing of that motion, are matters of fact that are not shown by the record, nor by the present petition. It is impossible to raise an estoppel against the city in favor of the appellants from these facts.

The order is affirmed.