# Wunderlich, Appellant, *v.* Pennsylvania Railroad Company.

*Railroads—Injuries to property—Indirect damages—Access.*

1.  A railroad company is not responsible for indirect injuries resulting from the operation of a road upon its own land in a lawful manner without negligence, unskillfulness or malice.

2.  A railroad company engaged in operating a railroad is not answerable for deprivation of, or interference with, means of access to property, where it appears that the railroad was constructed by another company, and that any recovery in relation to such deprivation or interference is barred by the statute of limitations.

Argued Oct. 21, 1908.   Appeal, No. 99, Oct. T., 1908, by plaintiffs, from order of C. P. No. 2, Allegheny Co., Oct. T., 1905, No. 100, refusing to take off nonsuit in case of Christian Wunderlich and Wilhelmina Wunderlich, his wife, in right of said wife, v. The Pennsylvania Railroad Company and the

Pennsylvania Railroad Company, operating the Allegheny Valley Railroad Company.  Before MITCHELL, C. J., FELL, BROWN, MESTREZAT, POTTER, ELKIN and STEWART, JJ.  Affirmed.

Trespass to recover damages for injuries to land.  Before SHAFER, J.

The opinion of the Supreme Court states the case.

*Error assigned* was refusal to take off nonsuit.

*H. T. Watson,* with him *D. C. Reardon,* for appellants.

*James S. Crawford,* with him *Patterson, Sterrett & Acheson,* for appellee.

OPINION BY MR. JUSTICE FELL, January 4, 1909:

The plaintiffs are lessees of a house that adjoins the land of the Allegheny Valley Railroad Company, upon which its tracks were laid at least thirteen years before this action was brought. The action is against the Pennsylvania Railroad Company, which had no part in the construction of the road but has operated it since 1900.  The grounds of action set out in the statement are that the noise, vibration and dirt caused by the operation of the road injuriously affect the plaintiffs' property, and that safety gates erected on the avenue on which both properties abut interfere with access to the plaintiffs' house.

The railroad was constructed wholly on the land of the Allegheny Valley Railroad Company, no part of the plaintiffs' land being taken, and it was not contended that the mode of operation was negligent or in any way unlawful.  This branch of the case was ruled by Penna. Railroad Co. v. Lippincott, 116 Pa. 472, and Penna. Railroad Co. v. Marchant, 119 Pa. 541, in which it was held that a railroad company is not responsible for indirect injuries resulting from the operation of a road upon its own land in a lawful manner without negligence, unskillfulness or malice.  For deprivation of or interference with the means of access to the plaintiffs' property the defendant was

not answerable, since the road was not built by it, and any recovery in relation thereto was barred by the statute of limitations.

The judgment is affirmed.