## Ickes, Appellant, v. Leetsdale Borough.

*Statute of limitations—Change of grade proceedings—Permanent injury—Bar of statute.*

The Statute of Limitations of March 27, 1713, 1 Sm. L. 76, is an absolute bar to the recovery of damages for injury to land caused by the change of grade of a street in proceedings instituted more than six years after the physical change was made. Such injuries are not, like a nuisance, temporary in character, but permanent, and one action only may be brought therefor; they do not give rise to successive actions for damages while the new grade is maintained, on the theory that it is a continuing nuisance.

Hannum v. Borough of West Chester, 63 Pa. 475, distinguished.

Argued Oct. 15, 1914. Appeal, No. 227, Oct. T., 1914, by plaintiff, from decree of C. P. Allegheny Co., July T., 1914, No. 1546, quashing proceedings for assessment of damages in change of grade proceedings, in case of Martha Ickes v. Borough of Leetsdale. Before Brown, Potter, Elkin, Stewart and Moschzisker, JJ. Affirmed.

Petition for appointment of viewers to assess damages caused by the change of grade of a street. Before Ford, J.

From the record it appeared that in October, 1906, the grade of the street in front of petitioner's property had been lowered four feet in accordance with an ordinance approved Sept. 13, 1906. On May 29, 1914, petitioner presented her petition for the appointment of viewers to assess the damages caused by the change of grade.

The court appointed viewers and on defendant's motion vacated the appointment and quashed the proceedings. Petitioner appealed.

*Error assigned* was in vacating the appointment of viewers and quashing the proceedings.

*F. C. McGirr*, with him *Richardson & Rogers*, for appellant.

*Thomas W. Neely*, for appellee.

Opinion by Mr. Justice Stewart, January 2, 1915:

The case of Hannum v. Borough of West Chester, 63 Pa. 475, on which appellant so strongly relies, is as much an authority now as ever. If, in giving the appellant the full benefit of its ruling, we find that it fails to support the present contention made in her behalf, she is without a case, and we need pursue the inquiry no further. What that case rules is, that when a special remedy has been provided by law for something for which a common law

remedy existed, if the common law remedy were subject to the Statute of Limitations of March 27, 1713, 1 Sm. L. 76, so also must be the statutory remedy, but not otherwise. The reason of the rule as we find it there stated, is, that the legislature in providing the special remedy is not presumed to have meant to subject the party to a new bar from lapse of time which would not have existed independently of it. The case was a proceeding for the assessment of damages for the diversion of water by a borough. The lower court directed a nonsuit on the ground that more than six years had run from the time the right of action had accrued until the beginning of the proceeding. The judgment was reversed solely on the ground that the injury complained of was a continuing injury, for which plaintiff could have maintained actions to recover the damages from time to time as they accrued, and that to apply the statute of limitations in such case would be setting up a new bar from lapse of time. The court below had held directly to the reverse of this—that the plaintiff could have maintained but one action for the injury at common law. It was in that finding that the error lurked. Applying to this case the test that was applied in that, the case stands clear of difficulty. Here the municipality, in the exercise of its unquestioned authority, regraded its street, and in doing so, cut down some four feet in front of appellant's property. Can it for a moment be supposed that plaintiff could have maintained successive actions for damages so long as the new grade was maintained, thereby virtually compelling its abandonment, and the restoration of the street to its former grade? Whatever injury resulted to the plaintiff was from work which the borough had a right to do, and it was in the nature of a permanent improvement. The distinguishing feature here is in the fact that the injury complained of was not a temporary injury like a nuisance, such as that complained of in the Hannum case, but a fixed, established and permanent charge. In

such a case, when the Constitution permits a recovery, the great weight of authority is to the effect that the injured party may, and therefore must, recover compensation in one action for the entire loss. Sedgwick on Damages, Vol. I, Sec. 273. In what we have said we have sufficiently indicated a vital distinction between the two cases. The plaintiff here could not have maintained successive actions against the borough, and for this reason her case is not within the ruling of the Hannum case.

In the case of Cass v. Pennsylvania Company, 159 Pa. 273, the very question we have here was before the court, and it was there held that the statute of limitations is a "flat bar" in cases of this kind. The case calls for no further discussion.

The assignments of error are overruled and the judgment is affirmed.