## Rhoads' Petition

*Barnet Lieberman* and *Herman D. Levinson,* for exceptant.

*David J. Smyth,* city solicitor, and *Howard E. Stern,* assistant city solicitor, contra.

ALESSANDRONI, J., December 31, 1933.—Edward E. Rhoads filed a petition for the appointment of a board of view, in which he set forth that he owns premises 2255 North Broad Street, Philadelphia, Pa., and that by virtue of ordinances of council approved April 8 and April 11, 1924, the Department of Transit was instructed to construct a subway from League Island to Olney Avenue; that in the construction of the subway an entrance or exit was erected on the pavement in front of the petitioner's property, the kiosk of the entrance being so constructed as to extend along the building line of the petitioner's property for 16 feet 6½ inches; and that by reason of the construction of the kiosk the petitioner's property has depreciated in value, and he has been deprived of the free and unobstructed access to more than two thirds of his property, with resulting substantial loss to him.

The viewers filed their report with findings that on October 25, 1924, excavation for a subway entrance was commenced on the Broad Street sidewalk of the petitioner's property; that the petitioner acquired title to the property by deed dated July 14, 1925, after the commencement of the construction of the entrance, with full knowledge thereof; that the petition for the appointment of a board of view was filed on March 21, 1931; that the main entrance to the petitioner's property is located on Dauphin Street, there being no entrance to the property on Broad Street; that the windows on the first or main floor of the premises are unobstructed; and that the owner has sustained no damage as a result of the erection of the entrance or exit on the Broad Street sidewalk of his property. The report of the board of viewers contained a conclusion of law wherein it was stated that while there may be other reasons barring the

recovery of damages in this proceeding "the refusal of an award to him by the board of view is because the statute of limitations bars a recovery." The board of view held that the statute of limitations began to run when the work was actually commenced on October 25, 1924, and the petition for the appointment of a board of view was not filed until more than 6 years thereafter.

It is first pertinent to inquire whether the statute of limitations applies to a proceeding of this nature, wherein it is claimed that the value of the owner's property has been depreciated by virtue of the creation of an entrance or exit on the sidewalk of the premises and that the owner, has been deprived of the free and unobstructed access thereto.

In Brower et al. v. City of Philadelphia, 142 Pa. 350, the Act of April 28, 1870, P. L. 1291, authorized the City of Philadelphia to widen Chestnut Street. Pursuant thereto, an ordinance was passed providing that new structures be set back 5 additional feet. It was held that the statute of limitations applied but did not begin to run until a new structure was built.

In Philadelphia Parkway, 250 Pa. 257, provision was made for the creation of a parkway in the City of Philadelphia, but no ordinance was passed, although the city condemned property under the act and proceeded to take and pay for property to the extent of approximately $5,000,000. It was there held that the city must do some act on the property to give the owner notice of a taking in order that the statute of limitations might begin to run. The court indicated that if any completed act was performed on the property, or any specific thing done to change the physical condition of the ground, the statute of limitations would begin to run, using the following language (p. 267) : "Here there was no completed act on the property of appellant by the city so as to affect the owner with notice that its possession was about to be disturbed, nor was there any specific thing done to change the physical conditions on the ground. Hence under the fact of the present case, no formal resolution to open having been passed, and no specific act having been done on the ground, no definite time was fixed when the statute of limitations could be said to have commenced to run. . . . Here there was no decree, no ordinance to open, no actual work done on the property involved, no change of physical conditions on the ground, and no definite thing done by way of giving notice to appellant that its right of action had accrued."

The statute of limitations has been held to apply to the vacation of a street: Butler Street, 25 Pa. Superior Ct. 357; the opening of a street: Volkmar Street, Philadelphia, 124 Pa. 320; Grugan et al. v. Philadelphia, 158 Pa. 337; a change of grade in the street: Campbell et al. v. City of Philadelphia, 108 Pa. 300; and an interference with the right of access to a property: Wunderlich v. Pa. R. R. Co., 223 Pa. 114. The case now before us is similar on its facts to those hereinbefore enumerated, the damages being of a consequential nature in the same manner as a change of grade, loss of access, or vacation of a street might be. In view of these authorities, we are of the opinion that the statute of limitations applies to this case and that the petition should have been filed within 6 years of the accrual of the injury.

The remaining question, therefore, is: When does the statute of limitations begin to run? In Volkmar Street, Philadelphia, supra, p. 327, it was held that the statute does not begin to run until "some act done, or notice or demand made, affecting, or relating to, the possession or appropriation of the land." In the matter before us the city took physical possession and began to work in the creation of its exit or entrance on October 25, 1924. Under the authorities prevailing, this is the date when the statute of limitations began to run, and the

conclusion of law of the board of view that the plaintiff's right was barred by the statute should be upheld. In Brower et al. v. City of Philadelphia, supra, the same conclusion was reached. In Ickes v. Leetsdale Borough, 247 Pa. 394, it was held that under the authority of Hannum v. Borough of West Chester, 63 Pa. 475, "when a special remedy has been provided by law for something for which a common law remedy existed, if the common law remedy was subject to the Statute of Limitations . . . so also must be the statutory remedy, but not otherwise". The previously cited authorities clearly indicate that under the common law the statute of limitations applied, and as the plaintiff's rights herein are prescribed by statute, they are affected in like manner.

A similar case arose in O'Brien, Executrix, v. Pennsylvania Schuylkill Valley R. R. Co., 119 Pa. 184, 190, the court holding: "It has been repeatedly held, construing this act of 1849, that when the railroad has been located, the land has been taken and appropriated for public use; that the right of the landowner to sue for his damages is complete, and he may recover all which may be caused by the location and by the subsequent construction; that he can have but one action, and that the damages cannot be severed: Wadhams v. Railroad Co., 42 Pa. [303], 310; Beale v. Penna. R. R. Co., 86 Pa. 509. The constitutional provision must, we think, receive a similar construction. If the damages must be paid or secured before the injury, it follows, that as soon as the work is actually undertaken at the point where the injury is done, according to the plans and purposes of the company, as defined by their location, grade, and general scheme of construction, the injury is complete; and, if the damages are neither paid nor secured, an action may be maintained for the damages consequent upon the completion of the road in accordance therewith.

"The action is not for an ordinary trespass; no actual trespass was committed; the injury, if any, is purely consequential. It is an injury arising from the proposed construction and completion of the road, which has been already undertaken; it is a single injury entire and indivisible, and the damages cannot be severed. There can, therefore, be but one action, and that action, as we have said, may be brought as soon as the work which results in the injury complained of is undertaken. It is not in conformity with either the letter or the spirit of the constitution to hold that the right of action shall be postponed until the injury is complete, for the provision is plain that 'the compensation shall be paid or secured before the taking, injury, or destruction.' Moreover, if the right of action be thus postponed, it would be in the power of the company, by a tardy performance, to delay the action indefinitely."

See also Thirteenth Street, 38 Pa. Superior Ct. 265. Under these authorities, therefore, it is clear that the statute of limitations began to run from the time when the city first went into actual possession of the part of the sidewalk involved and began work in the creation and erection of an exit or entrance. The city had previously by ordinance authorized the work, and the execution of its plans was clearly indicated to the owner when the city entered the premises to begin work and changed the physical condition of the sidewalk.

There is an additional reason why the petitioner cannot prevail. It has been held that the right to damages is personal to the owner and does not run with the land nor pass to a subsequent purchaser: Campbell v. City of Philadelphia, supra. As Edward R. Rhoads, the petitioner herein, did not acquire title to the property until July 14, 1925, almost 9 months after the cause of action accrued, he has no legal standing in this proceeding.

And now, to wit, December 21, 1933, the exceptions to the report of the board of viewers are dismissed and the report confirmed.